IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>$39,506.00 UNITED STATES CURRENCY,<br><br>　　　　　Defendant,<br><br>and<br><br>JAQUANIE MOORE,<br><br>　　　　　Claimant. | 8:25-CV-516<br><br><br>ORDER |

The government has moved for a default judgment against a portion of the defendant U.S. currency. *See* filing 25. But the Court's order of January 27, 2026 (filing 24) specifically directed the government to file a motion for clerk's entry of default, and *then*—upon the clerk's entry of default—a motion for default judgment. *See* filing 24.

The order specified that for a reason. The Eighth Circuit has been quite clear that when a party has failed to plead or otherwise defend against a pleading listed in Fed. R. Civ. P. 7(a), entry of default under Fed. R. Civ. P. 55(a) <u>must</u> precede grant of a default judgment under Rule 55(b). *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Entering default judgment without a preceding clerk's entry of default may be <u>reversible error</u>. *See Tollefson v. Pladson*, 508 F. App'x 593, 595 (8th Cir. 2013).

The government jumped the gun by moving for a default judgment under Rule 55(b) before first moving for entry of default under Rule 55(a). Accordingly,

IT IS ORDERED:

1.   The government's "motion to request to enter default judgment" (filing 25) is abated pending a clerk's entry of default.

2.   The government is directed to move for a clerk's entry of default pursuant to Rule 55(a).

3.   Upon the clerk's entry of default, the Court will take up the government's motion for default judgment.

4.   The Clerk of the Court is directed to set a case management deadline for February 5, 2026, with the following docket text: Check for clerk's entry of default.

Dated this 29th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge